**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                       )
3E MOBILE, LLC,                        )
                                       )
Plaintiff / Counterclaim Defendant )
                                       )
v.                                     )  Case No. 14-cv-1975 (EGS)
                                       )
GLOBAL CELLULAR, INC.,                 )
                                       )
Defendant / Counterclaimant         )
                                       )
_____)

**<u>MEMORANDUM OPINION</u>**


    This matter comes before the Court on Global Cellular

Inc.'s ("Global") motion to sanction 3E Mobile, LLC ("3E") for

its failure to comply with its discovery obligations. Due to

3E's failure to produce documents or respond to certain

interrogatories until months after the close of discovery,

Global asks this Court to treat as established certain facts,

preclude 3E from introducing contrary evidence or argument, and

order 3E to pay Global's attorneys' fees. Global Mem. Supp. Mot.

for Sanctions ("Global's Mem. Supp."), ECF No. 41 at 1. Upon

consideration of the motion, the response and reply thereto, the

applicable law, and the entire record, Global's motion will be

**GRANTED in part** and **DENIED in part**.

1

## I.     BACKGROUND

### A. Procedural History

3E is a manufacturer of cell phone protective cases and Global is a provider of cell phone accessories. In 2013, Global and 3E settled an intellectual property lawsuit that resulted in a Manufacturing Agreement ("Agreement") under which Global promised to make monthly advance payments to 3E in return for 3E's agreement to manufacture products for Global or source products from Global's manufacturers. Global's Mem. Supp., ECF No. 41 at 4. Although Global made the required advance payments during the first six months of the Agreement, 3E failed to produce any of the products Global ordered. *See* Mem. Op., ECF No. 21 at 3. When Global brought 3E's inaction to the attention of management, 3E executives advised Global to stop making payments. *Id*. Nonetheless, when Global halted the payments, 3E brought suit claiming that Global breached the Agreement. Compl., ECF No. 1. Global filed a counterclaim for the payments it had already made to 3E, citing 3E's failure to manufacture the products as required by the Agreement. *See* Answer and Countercl., ECF No. 5. On August 11, 2015, this Court denied 3E's motion to dismiss Global's counterclaim due to 3E's untenable interpretation of the Agreement which would have allowed 3E to collect Global's advance payments without incurring any obligation to produce the products Global ordered.

Mem. Op., ECF No. 21 at 9. The parties then proceeded to discovery.

### B. The Parties' Discovery Efforts

On September 11, 2015, Global served its first set of document requests and interrogatories. Global's Mem. Supp., ECF No. 41 at 6. After the parties agreed to stay discovery pending an ultimately unsuccessful mediation, the Court set a fact discovery deadline of August 24, 2016. *See* Stipulated Revised Scheduling Order, ECF No. 33. On April 29, 2016, Global served a second set of interrogatories and document requests on 3E. Global's Mem. Supp., ECF No. 41 at 7. Because 3E changed counsel before its discovery responses were due, Global agreed to extend the deadline for 3E to respond to Global's first and second rounds of discovery requests to June 2, 2016 and June 3, 2016 respectively. *Id*. 3E did not respond to either set of discovery requests by June 3, 2016. *Id*. at 8. After an extended back and forth between counsel and repeated time extensions granted by Global (which 3E consistently ignored), 3E produced written discovery responses on July 19, 2016 in response to Global's first set of discovery requests.[1] *Id*. at 9. 3E's corresponding document production consisted of approximately 115 pages. *Id*. Global's numerous letters inquiring as to 3E's failure to

---

[1] 3E does not dispute that it failed to meet the repeated extensions granted to it by Global.

respond to Global's *second* set of discovery requests went
unanswered. *Id* at 10.

On August 1, 2016, Global filed a motion to compel 3E to
produce all responsive, non-privileged documents and respond to
Global's second set of interrogatories. Mot. to Compel, ECF No.
38. 3E never filed an opposition and the Court granted the
motion. Minute Entry of December 22, 2016. On August 24, 2016,
fact discovery closed pursuant to the Court's scheduling order.
At that time, 3E still had not responded to Global's second set
of discovery requests. Global's Mem. Supp., ECF No. 41 at 11. On
September 30, 2016, more than a month after the close of
discovery and after all depositions had been conducted, 3E
responded to Global's second set of discovery requests and
produced 1,151 pages——*i.e.*, over nine times as many pages as 3E
had produced before depositions took place. *Id*. Global
identified a number of deficiencies in 3E's untimely production,
including that 3E omitted all email attachments, neglected to
produce specific documents acknowledged in depositions, and
withheld "confidential" but non-privileged documents that should
have been produced pursuant to the protective order governing
this case. *Id*. at 12-14. In an effort to remedy these
deficiencies, 3E made a supplemental production of 597
additional pages on November 11, 2016. *See* Letter of Nov. 11,

2016, ECF No. 45-1; Global's Mot. for Oral Hearing, ECF No. 46
at 1.

As a result of 3E's actions, Global asks the Court to: (1)
order 3E to pay Global's attorneys' fees related to its motion
to compel and motion for sanctions; (2) treat certain facts as
established; and (3) preclude 3E from introducing contrary
evidence or argument. Global's Mem. Supp., ECF No. 41 at 1-2.

## II.  LEGAL STANDARDS

### A. The Court's Power to Sanction Discovery Misconduct

"[D]istrict court judges enjoy wide discretion in managing
the discovery process." *Shatsky v. Syrian Arab Republic*, 312
F.R.D. 219, 223 (D.D.C. 2015)(quotation marks omitted). The
Federal Rules of Civil Procedure provide federal courts with the
authority to police the parties' conduct during discovery. In
particular, Rule 37(b) authorizes federal courts to impose
sanctions when a party fails to obey a discovery order.
Fed.R.Civ.P. 37(b). Authorized sanctions under Rule 37 include,
but are not limited to, designating facts as established for the
purpose of the action, entering a default judgment, and ordering
the payment of attorney's fees and expenses. *Id*. In situations
where a party has committed discovery abuses but Rule 37 does
not apply, a court may issue appropriate sanctions under its

inherent power. *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995).[2]

The Court of Appeals for the District of Columbia Circuit divides sanctions into two categories: penal sanctions and issue-related sanctions. *Id.* at 1478. "When selecting the appropriate sanction, the Court must properly calibrate the scales to ensure that the gravity of an inherent power sanction corresponds to the misconduct." *Davis v. D.C. Child & Family Servs. Agency*, 304 F.R.D. 51, 60 (D.D.C. 2014). The choice of an appropriate sanction is "necessarily a highly fact-based determination based on the course of the discovery process leading up to the sanction[.]" *Bonds v. D.C.*, 93 F.3d 801, 804 (D.C. Cir. 1996). A court's use of its power to sanction misconduct "should reflect our judicial system's strong presumption in favor of adjudication on the merits." *Shepherd*, 62 F.3d at 1475.

### B. Penal Sanctions

Penal sanctions include dismissals, default judgments, contempt orders, awards of attorneys' fees, and imposition of fines. For those sanctions that "are fundamentally penal – dismissals and default judgments, as well as contempt orders,

---

[2] This power also authorizes courts to enter a default judgment, impose fines, award attorneys' fees and expenses, issue contempt citations, disqualify or suspend counsel, permit adverse evidentiary determinations, and preclude the admission of evidence. *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013).

awards of attorneys' fees, and the imposition of fines – the district court must find clear and convincing evidence[ ] of the predicate misconduct." *Id*. at 1478. With regard to the Court's ability to use its inherent power to award attorneys' fees and impose fines, the Court must find clear and convincing evidence of bad faith. *Parsi v. Daioleslam*, 778 F.3d 116, 131 (D.C. Cir. 2015). Bad faith "may be found where a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights." *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 220 (D.C. Cir. 1991) (quotation marks omitted).

### C. Issue-Related Sanctions

Issue-related sanctions include adverse evidentiary determinations—such as adverse findings of fact, considering an issue established for the purpose of the action and adverse inferences—and precluding the admission of evidence. *Shepherd*, 62 F.3d at 1475. A court can impose issue-related sanctions after finding by a preponderance of the evidence that the alleged misconduct occurred. *Id*. at 1478(reasoning that issue-related sanctions are "fundamentally remedial rather than punitive" and can be imposed "whenever a preponderance of the evidence establishes that a party's misconduct has tainted the evidentiary resolution of the issue").

7

With regard to the misconduct giving rise to the sanction, courts have routinely found that an adverse inference instruction is appropriate when a preponderance of the evidence establishes that the conduct was negligent. *See, e.g.*, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002)(reasoning that the "culpable state of mind" factor for adverse evidentiary determination is satisfied by showing that evidence was destroyed either knowingly or negligently "because each party should bear the risk of its own negligence")(citations omitted); *Chen v. District of Columbia*, 839 F. Supp. 2d 7, 12 (D.D.C. 2011) ("To justify the issuance of an adverse inference instruction, the spoliation of evidence need not be purposeful . . . negligent spoliation may suffice.")(citations omitted). Although penal and issue-related sanctions are distinct categories, an issue-related sanction can operate as a penal sanction. For example, precluding the only source of evidence available in support of a dispositive issue operates as a dismissal, even though it is nominally an evidentiary sanction. *See Shepherd*, 62 F.3d at 1479. Accordingly, a court should assess the practical effect of the sanction when determining which sanction is appropriate. *Johnson*, 307 F.R.D. at 225.

## III. ANALYSIS

Global asks this Court to impose both penal and issue-related sanctions. According to Global, 3E's "pattern of delay and intransigence" warrant the award of attorneys' fees, the establishment of certain facts, and the preclusion of 3E from introducing contrary evidence or argument. Global's Mem. Supp., ECF No. 41 at 1-3. Specifically, Global requests that the Court establish:

    i.    In February 2014, 3E adopted a new procedure for Global to place orders with 3E under the Manufacturing Agreement. Under that new process, Global was to send orders to its own suppliers, but copy 3E on those communications. By copying 3E, Global in fact placed an order with 3E, and 3E then had an obligation to fill the order itself;

    ii.    Global placed hundreds of product orders with 3E under this process; and

    iii.    3E failed to fill those orders repeatedly and thus repeatedly failed to live up to its obligations under the Manufacturing Agreement.

*Id*. at 16. Global contends that such sanctions are appropriate because 3E had ample time to collect and produce the documents Global requested, the documents produced after the close of discovery relate to key issues in the case, and Global has been prejudiced by 3E's conduct. *Id*. at 2, 17, 20. According to Global, the facts it requests the Court to establish are "facts that those [late] documents would have shown if produced on time[.]" Global's Reply Mot., ECF No. 44 at 7. 3E does not dispute that its productions were untimely and thus in violation

of the Court's May 25, 2016 scheduling order. 3E's Opp'n, ECF

No. 43 at 8 ("3E is not claiming to have performed perfectly

throughout discovery"). Instead, 3E argues that its misconduct

does not rise to the level where sanctions are proper. *Id*. For

the reasons stated below, the Court finds that sanctions are

appropriate here, but in the form of attorneys' fees rather than

issue-related sanctions.

### A. Issue-Related Sanctions Are Not Appropriate.

A court may impose issue-related sanctions "after finding

by a preponderance of the evidence that the alleged misconduct

occurred." *Johnson*, 307 F.R.D. at 225. Here, this standard is

clearly met since 3E does not dispute that its productions were

untimely. 3E's Opp'n, ECF No. 43 at 8. Nonetheless, this Court

is reminded that it "should keep in mind the practical effect of

its sanction when determining whether that sanction is

appropriate." *See Johnson*, 307 F.R.D. at 225. Specifically,

"[w]hen considering possible penalties, the Court must remain

cautious that any alternative sanctions ordered in lieu of

dismissal [do] not effectively amount to a default judgment."

*Davis*, 304 F.R.D. at 62 (citing *Hildebrandt v. Vilsack*, 287

F.R.D. 88, 97 (D.D.C. 2012))(quotation marks omitted).

Here, the Court finds that the issue-related sanctions

Global seeks would be the functional equivalent of a dismissal.

The crux of the underlying dispute in this case is whether

either party breached the Manufacturing Agreement. Were the
Court to grant as established that "3E adopted a...procedure for
Global to place orders...under the Manufacturing Agreement" and
"3E failed to fill...orders repeatedly and thus repeatedly
failed to live up to its obligations under the Manufacturing
Agreement[,]" the case would, for all intents and purposes,
amount to summary judgment in Global's favor. Put differently,
the Court, by adopting Global's proposed facts, would
essentially establish that 3E breached the Agreement. "[A]
discovery sanction that results in a one-sided trial...is a
severe one" and before imposing such a sanction, the Court
"should consider a less drastic [option]." *Bonds*, 93 F.3d at
809; *see also Outley v. City of New York*, 837 F.2d 587, 591 (2d
Cir. 1988) ("Before the extreme sanction of preclusion may be
used by the district court, a judge ... must consider less
drastic responses."). The Court does not find that precluding 3E
from introducing contrary evidence or argument is appropriate
when, as detailed below, alternative and less severe sanctions
are available, and when that evidence may be critical to
adjudicating the merits of 3E's claims.[3]

---

[3] Global relies on a three-prong test employed by the Southern District of New
York to argue that 3E's misconduct warrants issue-related sanctions. ECF 41
at 16-18 (citing *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 252
(S.D.N.Y. 2012)). Not only does Global fail to demonstrate that the same test
applies in this Circuit, but even if this Court were to adopt that test, it
would reach the same conclusion since Global has not shown that 3E had "a
culpable state of mind." *See Short*, 286 F.R.D. at 252. According to the *Short*

Further, 3E correctly points out that the cases on which Global principally relies to justify issue-related sanctions are factually distinguishable and generally concern more flagrant misconduct. *See, e.g.*, *Johnson*, 307 FRD at 222-224 (imposing sanctions where party falsified medical records and counsel failed to certify discovery requests and conduct a reasonable inquiry to assess accuracy); *Shepherd*, 62 F.3d at 1479-80 (discussing appropriateness of sanctions where party altered a document and harassed potential witnesses); *Parsi*, 778 F.3d at 133 (affirming sanctions where party denied the existence of documents and disobeyed court orders to produce certain material). Here, Global does not contend that 3E intentionally destroyed, falsified or tampered with evidence. *See generally* Global's Mem. Supp., ECF No. 41. Rather, 3E has simply failed to produce responsive documents in a timely manner. Global has not cited any cases in this Circuit granting issue-related sanctions for a late document production in the absence of additional and more flagrant misconduct.[4] *Id.*; *see also* Reply Mot., ECF No. 44

---

court, the party seeking the issue-related sanction must show: "(1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* (quotation marks omitted).

[4] The Court also notes that other courts have neglected to impose issue-related sanctions in cases involving document productions that were significantly more untimely than 3E's late production. *See e.g., Williams v. Saint-Gobain Corp.*, No. 00 Civ. 502, 2002 WL 1477618, at *2 (W.D.N.Y. June 28, 2002) (holding that there was no basis for adverse inference instruction for failure to produce e-mails until five days before trial).

at 5. For all of these reasons, Global's requests for issue-related sanctions are hereby **DENIED**.

### B. Monetary Sanctions are Warranted.

While issue-related sanctions may not be proper here, the Court will not reward 3E for blatantly flouting the Court's scheduling order and producing over ninety percent of its documents months after discovery had closed and depositions concluded. The Court concludes that monetary sanctions in the amount of Global's attorneys' fees incurred during the preparation of its motion to compel and motion for sanctions are the just penalty for 3E's discovery violations. Imposing penal sanctions, such as attorneys' fees, requires a court to find by clear and convincing evidence that the alleged misconduct occurred, *see Johnson*, 307 FRD at 224-225, a standard met by 3E's admission that its productions were untimely. *See* 3E's Opp'n, ECF No. 43 at 8. 3E's discovery conduct has resulted in the late production of at least 1,748 pages of additional documents——over fourteen times more pages than 3E produced in advance of depositions——and has significantly disrupted the progress of this litigation. The Court recognizes that 3E produced for the first time as recently as November 11, 2016, the email attachments to the documents it had previously produced. Letter of Nov. 11, 2016, ECF No. 45-1. While 3E had the benefit of Global's timely productions when preparing for

depositions, 3E's sparse pre-deposition production confined Global to a mere cross-section of potentially responsive documents. Global has not only incurred unnecessary costs by having to file a motion to compel and motion for sanctions as a result of 3E's failure to fulfill its discovery obligations, but Global will also incur additional expenses if it decides to re-depose witnesses using 3E's newly-produced documents. See *Am. Hosp.*, 938 F.2d at 219-20 (reasoning that monetary sanctions are warranted where a party "is so recalcitrant in performing [its] duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights"). As in *Davis*, 3E has "missed or ignored discovery deadlines, not provided appropriate documentation or answers to discovery requests, and generally failed to comply with the Federal Rules of Civil Procedure." 304 F.R.D. at 60 (concluding that monetary, and not issue-related sanctions, were appropriate). The Court finds that monetary sanctions will most appropriately serve the punitive and remedial purposes of discovery sanctions and preserve the case for adjudication on the merits. Accordingly, 3E is ordered to pay Global the attorneys' fees it incurred during the preparation of its motion to compel and motion for sanctions, the exact amount to be determined by a fee petition that Global shall present to the Court within ten days of this Order.

3E is advised that its failure to comply with discovery moving forward can and will result in more drastic sanctions than paying attorneys' fees. The Court will reopen discovery in this matter for the narrow purpose of permitting Global to re-depose witnesses based on information gleaned from the documents 3E produced after the discovery deadline.

## IV.   CONCLUSION

For the foregoing reasons, Global's Motion for Sanctions is **GRANTED in part and DENIED in part**. The Court does not impose any issue-related sanctions but **ORDERS** monetary sanctions in the form of the attorneys' fees Global incurred in connection with its motion to compel and motion for sanctions. The value of this sanction shall be determined by a fee petition that Global shall file within 10 days of this Order. The Court also **ORDERS** that discovery will be reopened until **February 28, 2017** for the limited purpose of allowing Global to re-depose witnesses based on information gleaned from the documents 3E produced after the discovery deadline. An appropriate Order accompanies this Memorandum Opinion, filed this same day.

**SO ORDERED.**

Signed:     **Emmet G. Sullivan**
            **United States District Judge**
            **December 22, 2016**

15